UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DARWISH HEBA,  :
 :
            Plaintiff,  : **MEMORANDUM & ORDER**
 : 03-CV-6055 (DLI) (CLP)
     -against-  :
 :
NEW YORK STATE DIVISION OF  :
PAROLE,  :
 :
            Defendant.  :
----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff brought this suit against the Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, alleging claims of discrimination and retaliation as well as several state and common law claims. Defendant moved for summary judgment against Plaintiff on all claims. The court granted summary judgment in Defendant's favor on all claims except retaliation. *See* December 11, 2007 Order, Docket Entry No. 43. Defendant filed the instant, timely motion seeking reconsideration of the retaliation claim. For the reasons set forth more fully below, defendant's motion is denied.

## BACKGROUND

The following facts are undisputed or, when disputed, are either so indicated or taken in a light most favorable to non-moving Plaintiff.[1] Defendant hired Plaintiff in April 1992 as a parole officer and Plaintiff continues to work for Defendant in this capacity. (Compl. ¶ 12.) Around April 2001, Plaintiff joined Defendant's TOP Unit, located in the "Brooklyn IV" office, and began

---

[1] The court fully discussed the facts underlying each of Plaintiff's claims in its December 11, 2007 Order. This opinion sets forth only those facts necessary to resolve reconsideration of the retaliation claim. All abbreviations contained in the December 11, 2007 Order will be used herein.

reporting to Zwaryczuk. (Compl. ¶ 14; Heba Dep. 21:7-15.) Shortly after Plaintiff joined the TOP Unit, animosity developed between Plaintiff and Zwaryczuk, his direct supervisor. *See* December 11, 2007 Order at 3-4.

On June 3, 2001, Plaintiff assisted the NYPD with an investigation involving one of the parolees under Plaintiff's supervision. (Heba Dep. 88:8-24.) The police took the parolee into custody. (Heba Dep. 89:5-6.) When the police requested Plaintiff's presence to release the parolee, Zwaryczuk, who believed that the detention was unwarranted, ordered Plaintiff to refrain from assisting. (Heba Dep. 90:22-91:9; Zwaryczuk Dep. 54:3-9.) Plaintiff disregarded this order and went to the station to release the parolee. (Heba Dep. 92:2-4.)

Despite this act of insubordination and the pre-existing animosity between Plaintiff and Zwaryczuk, Zwaryczuk praised Plaintiff's performance on more than one occasion. On August 23, 2001, Zwaryczuk recommended Plaintiff and another parole officer for a commendation for their work in the arrest of a parolee and the seizure of drugs and a weapon. (Zwaryczuk Dep. 50:13-52:20; Def.'s 56.1 ¶ 26; Pl.'s 56.1 ¶ 26.) Additionally, when Plaintiff applied for a position with the FBI as an Arabic language interpreter following the events of September 11, 2001, both Zwaryczuk and Reiter, the Bureau Chief provided positive recommendations to the FBI. (*See* Heba Decl. ¶ 16; Heba Dep. 179:16-17; Zwaryczuk Aff. Ex. A; Reiter Decl. Ex. B.)

On November 30, 2001, Plaintiff and Zwaryczuk assisted the police with the execution of a search warrant. (Compl. ¶ 15b; Heba Dep. 116:14-17; Def.'s 56.1 ¶ 29.) After the execution of the search warrant, Zwaryczuk asked Plaintiff to assist the police with taking inventory of the seized property. (Heba Dep. 129:23-131:10.) Plaintiff refused, and, upon returning to the precinct, Zwaryczuk allegedly demanded, "Are you disobeying me? Are you telling me no, you fucking

Arab?" (Heba Dep. 135:24-136:2; Def.'s 56.1 ¶ 31.) Plaintiff alleged that Zwaryczuk told him that he would forfeit a day off to come to the office the following Monday ". . . to fuck you up, you fucking Arab." (Heba Dep. 136:3-14.)

Several events transpired on December 3, 2001, the Monday after the search and seizure. Plaintiff contacted Cooper in the ODM, by telephone, complaining about Zwaryczuk's conduct during the November 30 search. (Heba Dep. 151:15-152:9.) Additionally, Plaintiff spoke at least briefly with another ODM employee, Jose Burgos. (Heba Dep. 151: 21-25.) Plaintiff did not file a written complaint at this time. (Heba Dep. 152:10-14.) On this same day, Zwaryczuk wrote a memorandum to Reiter and Reiter's immediate supervisor, describing Plaintiff's insubordination, alleging theft of light switches, and recommending Plaintiff's reassignment and removal from the TOP Unit. (*See* Schulman Decl. Ex. L.)

On December 7, 2001, Plaintiff received a counseling memorandum prepared by Zwaryczuk, recommending Plaintiff's removal from the TOP Unit as he was not a "team player." (Compl. ¶ 18; Heba Dep. 155:21-156:6.) On that same day, Zwaryczuk called the FBI to change his earlier positive recommendation of Plaintiff to a negative recommendation. (Zwaryczuk Aff. ¶ 8, Ex. B.) The FBI then contacted Reiter, who confirmed Plaintiff's insubordination and imminent removal and reassignment from the TOP Unit. (Reiter Decl. ¶ 15, Ex. C.)

On December 14, 2001, Plaintiff filed a written discrimination complaint with Cooper and the ODM. Zwaryczuk and Reiter denied knowledge of Plaintiff's participation in protected activity until sometime after Plaintiff filed the written complaint. (*See* Zwaryczuk Dep. 88:1-20; 195:4-198:21.) According to Cooper, before a written complaint is filed with the ODM, any communication between an employee and the ODM is kept confidential. (Cooper Dep. 202:17-25.)

## DISCUSSION

I.      **Motions for Reconsideration**

Motions for reconsideration or reargument are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). In general, "[t]he standard for granting [a motion for reconsideration or reargument] is strict, and reconsideration [or reargument] will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In addition, the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *In re N.Y. Cmty. Bancorp, Inc.*, 04-CV-4165 (ADS)(AKT), 2007 U.S. Dist. LEXIS 47405, *7 (E.D.N.Y. June 29, 2007) (citation omitted). Reconsideration or reargument is, furthermore, justified on the following grounds: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

A court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, reconsideration or reargument motions should not be granted when the moving party seeks solely to re-litigate an issue already decided. *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (finding that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved").

## II. Defendant's Motion for Reconsideration

Defendant contends that, in ruling in Plaintiff's favor on the retaliation claim, the court overlooked two factual issues: (i) that Plaintiff failed to present sufficient evidence of Defendant's awareness of Plaintiff's participation in protected activity and (ii) that Defendant presented undisputed evidence that Cooper, an employee in Defendant's ODM Unit, kept Plaintiff's December 3, 2001 telephone call confidential. Additionally, Defendant contends that, if the court had considered these facts, it could not have denied summary judgment on the retaliation claim under the controlling law because (i) knowledge cannot be attributed to an employer if the employer keeps the employee's complaint confidential, and (ii) on the facts of this case, Plaintiff must rely, and cannot rely on temporal proximity alone to establish causation and pretext.

### A. Issues of Fact

Defendant contends that the court ignored Plaintiff's lack of evidence of Defendant's awareness of Plaintiff's protected activity and that Plaintiff conceded, in his counter-statement of fact that, Cooper of the ODM kept this information confidential. (*See* Def. Mem. Recon. at 5.) The court did not ignore this factual issue. First, Plaintiff provided general corporate knowledge to Defendant by contacting the ODM by telephone on December 3, 2001. *See, e.g.*, *Gordon v. Board of* Ed., 232 F.3d 111, 116 (2d Cir. 2000) ("Neither this nor any other circuit has ever held that, to satisfy the knowledge requirement, anything more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity").

Second, the court found significant circumstantial evidence that, when taken in the light most favorable to Plaintiff, justified finding that Zwaryczuk and Reiter, the decision makers, had awareness of Plaintiff's participation in protected activity. Both the timing of the events and the

history of the relationship between Plaintiff and Zwaryczuk support a finding of awareness at the summary judgment stage of this proceeding. Despite prior insubordination and the existence of animosity between Plaintiff and Zwaryczuk, Zwaryczuk publicly and privately provided support and encouragement to Plaintiff in an effort to further Plaintiff's professional goals. It was only after Plaintiff complained to the ODM about Zwaryczuk's improper comments and spoke to Cooper and Burgos that Zwaryczuk and Reiter took adverse action against Plaintiff. The court considered these facts and found that genuine issues of material fact exist with respect to the awareness of Zwaryczuk and Reiter. Reconsideration is not available simply because parties are displeased with the weight a court assigns facts.

### B. Issues of Law

The thrust of Defendant's motion for reconsideration is that the allegedly ignored fact—Cooper's undisputed, confidential treatment of Plaintiff's December 3, 2001 telephone call—when considered, justifies summary judgment in Defendant's favor on the retaliation claim. To support this contention, Defendant cites several cases—notably, for the *first time* in its motion for reconsideration—addressing the confidential treatment by employers of internal complaints. It is improper to seek reconsideration for controlling law overlooked by a court when that controlling law was not "presented to [the court] on the underlying motion." *In re N.Y. Cmty. Bancorp, Inc.*, 2007 U.S. Dist. LEXIS 47405, at *7 (citation omitted). Defendant attempts to skirt this procedural problem by laying blame on Plaintiff for not addressing awareness in his opposition to summary judgment, thereby depriving Defendant of the opportunity to brief this issue on reply. This convoluted contention lacks merit. Defendant, as the movant, had the ability to argue any supporting case law of its choice in its opening brief for summary judgment. Reconsideration is not available

as a remedy for poor tactical decisions on the part of a litigant.

Nonetheless, none of the cases Defendant cites in the instant motion merit reconsideration. Circumstantial evidence *in addition to* temporal proximity supports denying summary judgment on the retaliation claim as Plaintiff has established causation and pretext. Zwaryczuk and Reiter bolstered Plaintiff's career publicly and privately despite prior insubordination and pre-existing animosity between Zwaryczuk and Plaintiff. It was only after Plaintiff called the ODM to complain of Zwaryczuk's purportedly abusive behavior that Zwaryczuk and Reiter took adverse action against Plaintiff. The court recognizes that the level of proof of pretext in this case places it as an outlier within this circuit; however, the court finds these facts sufficient to raise a genuine issue of material fact with respect to causation and pretext. At this stage in the litigation, Plaintiff has satisfied his burden.

## CONCLUSION

For all the reasons set forth above, Defendant's motion for reconsideration is denied and the matter is referred to the magistrate judge for further pretrial proceedings.

SO ORDERED.

DATED:    Brooklyn, New York
                August 18, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge